**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000632
17-MAR-2026
07:56 AM
Dkt. 86 SO**

NO. CAAP-24-0000632


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KRYSTALE SHARYANN IWALANI KANEAKUA, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-22-0000382)


SUMMARY DISPOSITION ORDER
(By:  Nakasone, Chief Judge, Wadsworth and Guidry, JJ.)

In this appeal, Defendant-Appellant Krystale Sharyann Iwalani Kaneakua (**Kaneakua**) challenges her conviction on grounds that her trial counsel was ineffective.[1]  We affirm.

---

[1]    Kaneakua's trial counsel was provided an opportunity to respond, and no response was filed.  See Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(a) ("If a brief raises ineffective assistance of counsel as a point of error, the appellant shall serve a copy of the brief on the attorney alleged to have been ineffective."); State v. Yuen, 154 Hawai'i 434, 448, 555 P.3d 121, 135 (2024) ("[I]f new appellate counsel on direct appeal fails to serve an ineffective assistance claim on trial counsel, the appellate court must order counsel to do so and provide trial counsel with a reasonable opportunity to respond.").

Kaneakua appeals from the August 27, 2024 "Judgment of Conviction and Sentence," entered by the Circuit Court of the Second Circuit (**Circuit Court**).[2]  Following a jury trial, Kaneakua was convicted as charged of second-degree arson and sentenced to ten years of incarceration.

On appeal,[3] Kaneakua argues that her court-appointed trial counsel (**trial counsel**) was ineffective because trial counsel "did not effectively cross-examine the key witness, [co-defendant] John Hlis [(**Hlis**)]"; "did not object" to Maui Police Department Detective Gregg Katayama's (**Detective Katayama**) testimony regarding multiple "fires[,]" where Kaneakua "was only charged with one fire"; and did not adequately prepare Kaneakua for cross-examination and "never objected" to the prosecutor's "argumentative" "questions" and "damaging" "comments."  As to this last argument regarding trial counsel's inadequate preparation of Kaneakua and failure to object during the prosecutor's cross-examination of Kaneakua, Kaneakua does not identify specific errors or omissions by trial counsel and provides no record references.  Accordingly, we decline to address it.  See State v. Salavea, 147 Hawaiʻi 564, 576, 465 P.3d 1011, 1023 (2020) (requiring a defendant claiming ineffective assistance of counsel to show "specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence" (citation omitted)); Briones v. State, 74 Haw. 442, 462,

---

[2]    The Honorable Peter T. Cahill presided.

[3]    Kaneakua's Opening Brief does not comply with HRAP Rule 28(b). It does not contain a "points of error" section, see HRAP Rule 28(b)(4), and contains no citations to the "parts of the record relied on" in the argument section.  See HRAP Rule 28(b)(7).  We address Kaneakua's arguments for which "the remaining sections of the brief provide the necessary information" to do so.  See Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (2012) (affirming public policy of addressing cases on the merits despite noncompliance with HRAP Rule 28).

848 P.2d 966, 976 (1993) ("General claims of ineffectiveness are insufficient and every action or omission is not subject to inquiry."); HRAP Rule 28(b)(7).

Upon review of the record on appeal and relevant legal authorities, giving due consideration to the issues raised and arguments advanced by the parties, we resolve the arguments as follows.

On May 18, 2022, Plaintiff-Appellee State of Hawai'i (**State**) charged Kaneakua, and John Hlis (**Hlis**) in separate criminal cases, with second-degree arson. Hlis pled guilty to the arson offense in exchange for a plea agreement with the State, and Kaneakua pled not guilty and went through a jury trial, at which co-defendant Hlis testified against her as a witness for the State.

Hlis testified that on May 12, 2022, Kaneakua, his friend and previous employer, drove him to a convenience store and instructed him to purchase "[c]harcoal, Lysol, lighter fluid[,]" and a "gas can." Hlis testified that after he purchased the items and the two got back into Kaneakua's car, Kaneakua began "discussing fires" because "she needed to get police off of" her boyfriend, Steven Searle (**Searle**), who "was being chased by police at the time." Hlis testified that he "didn't care if [Searle] got arrested" because he "hated" Searle and Searle "stole [Hlis's] car." Hlis testified that Kaneakua later stopped her car along Maui Veterans Highway, where he exited the vehicle and eventually lit a fire because Kaneakua told him to.

Hlis testified that later that day, police found him driving Kaneakua's vehicle with "a gun in the backseat" and arrested him. Hlis testified that he did not threaten Kaneakua with the gun, the gun was not used in the commission of starting

the fire, Kaneakua knew it was there, and that he was "supposed to deliver it to an uncle." Hlis testified that upon being pulled over by police he denied knowledge of the fire, but the next day at the police station he told "the truth about what happened" because "[t]hey changed the detectives."

Hlis testified that he pled guilty to second-degree arson pursuant to a plea agreement, and that "[f]or testifying, [he] [would] get four years['] probation," and possibly "18 months jail time" with time served.

On cross-examination, trial counsel asked whether Kaneakua "intimidated" Hlis to start the fire, to which Hlis responded, "No." Trial counsel asked Hlis whether Kaneakua was "by [his] side" when he selected the items for purchase at the convenience store, to which Hlis also responded, "No."

Detective Katayama testified that on May 13, 2022, he was assigned to investigate six suspicious fires, including a fire that occurred on Maui Veterans Highway. On direct examination the State asked Detective Katayama whether he had interviewed Hlis regarding the fires. Detective Katayama responded in the affirmative and testified that Hlis "admitted to starting some of the fires[.]" Immediately after this response, the State asked to approach the bench, and the Circuit Court struck Detective Katayama's testimony and instructed the jury "not to consider it."

Kaneakua testified that on May 12, 2022, she drove to a convenience store with Hlis because she was "starving" and that she was unaware of what Hlis had purchased. Kaneakua testified that after leaving the convenience store, the two got back into the car and drove down Maui Veterans Highway. Kaneakua testified that at some point on Maui Veterans Highway, she pulled over at Hlis's request for a bathroom break. After

Hlis got out, Kaneakua observed an "explosion" that caused her to take her foot off the brakes; Kaneakua asked Hlis "[w]hat are you doing[,]" and Hlis jumped back in the moving vehicle. Kaneakua testified that she "panicked" and "want[ed] nothing do with" the fire and left the scene. Kaneakua testified that she later gave her car to Hlis because she "felt responsible for giving [Searle] [Hlis's] car."

In closing argument, trial counsel argued that there was no dispute that Hlis started the fire, and Kaneakua was driving the vehicle that Hlis was in. Trial counsel argued that the "only real issue in this case [wa]s, [whether] [Kaneakua] [did] aid, as an accessory, [Hlis] in setting a fire[.]" Trial counsel argued that Hlis was the one who bought the flammable items from the convenience store, that there was no evidence that Kaneakua directed Hlis to buy the items, and that the moment Hlis started the fire, Kaneakua wanted no part and drove off. Trial counsel argued that Kaneakua was "in the wrong place at the wrong time."

For ineffective assistance of counsel cases, "a defendant must [first] show that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence." Salavea, 147 Hawaiʻi at 576, 465 P.3d at 1023 (citation omitted). "Second, the defendant must establish that these errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." Id. (citations omitted).

**Trial counsel's cross-examination of Hlis**

Kaneakua argues that trial counsel only "spent about a minute cross examining" Hlis and "could have spent much more time cross examining him." Kaneakua contends trial counsel "could have explored the fact" that Hlis "said he hated

[Kaneakua]'s boyfriend"; "questioned" Hlis "much more extensively" regarding "the loaded gun in the car" and whether he used it to "intimidate" Kaneakua; "questioned" Hlis "about the plea deal"; "confronted" Hlis about "the fact that he lied to the police initially and so what would stop him from lying to th[e] jury"; and "confronted" Hlis "with his flimsy reason for starting th[e] fire."

The State argues, among other things, that Kaneakua does not indicate how "cross-examining Hlis 'more extensively' would have made any difference to her defense."

Kaneakua does not present argument regarding how trial counsel's failure to spend more time cross-examining Hlis led to "the withdrawal or substantial impairment of a potentially meritorious defense[,]" required to sustain a claim of ineffective assistance of counsel. See id. (citations omitted); HRAP Rule 28(b)(7).

**Alleged failure to object during Detective Katayama's testimony**

Kaneakua argues that trial counsel failed to object to Detective Katayama's testimony that Hlis "admitted to starting some of the fires." (Underscore omitted.) Kaneakua contends that Detective Katayama's testimony was "highly prejudicial" because Kaneakua "was only charged with one fire."

The State responds that the Circuit Court immediately struck Detective Katayama's statement at the State's request and instructed the jury to disregard it. The State also contends that Kaneakua does not argue how Detective Katayama's "stricken statement resulted in the withdrawal or substantial impairment of a potentially meritorious defense."

Here, the record reflects that the Circuit Court promptly struck Detective Katayama's statement at issue and

instructed the jury to disregard it.  Further, Kaneakua does not argue how trial counsel's lack of intervention resulted in the "withdrawal or substantial impairment of a potentially meritorious defense[,]" required to sustain a claim of ineffective assistance of counsel.  See Salavea, 147 Hawai'i at 576, 465 P.3d at 1023 (citations omitted); HRAP Rule 28(b)(7).

For the foregoing reasons, we affirm the August 27, 2024 "Judgment of Conviction and Sentence," entered by the Circuit Court of the Second Circuit.

DATED:  Honolulu, Hawai'i, March 17, 2026.

On the briefs:

Steven Slavitt,
for Defendant-Appellant.

Chad Kumagai,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge